IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MCNAUGHTON,<br>individually and on behalf of all others<br>similarly situated, | Civil Action No. 2:24-cv-814 |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | |
| HYATT HOTELS CORPORATION, and<br>SELECT HOTELS GROUP, LLC | |
| Defendants. | |

**CLASS ACTION COMPLAINT**

Plaintiff Christopher McNaughton ("Mr. McNaughton" or "Plaintiff"), by and through undersigned counsel, seeks a permanent injunction, declaratory relief, and damages against Defendants, and avers as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* and its implementing regulations set forth at 28 C.F.R. § 36.101, *et seq.*, (the "ADA"), as well as for restitution owed as a result of Defendants' unjust enrichment.

2. Specifically, Defendant Hyatt Hotels Corporation, along with its subsidiary, Select Hotels Group, LLC, (collectively, "Hyatt" or "Defendants"), have engaged and continue to engage in the unlawful, discriminatory policy of charging "pet fees" to customers who have service dogs. Upon the investigation of Plaintiff's counsel, this pattern and practice is consistent across a broad spectrum of Hyatt properties and, on information and belief, Hyatt's "Guide for Dog Owner's"

1

[*sic*] ("Hyatt Dog Policy," attached hereto as Exhibit A)¹ is a policy across all hotels owned by Hyatt Hotels Corporation and its subsidiaries, including Select Hotels Group, which owns and operates the hotel visited by Mr. McNaughton.

3. Defendants' policy violates the ADA. Hotels qualify as places of public accommodation under the ADA, and are required to permit service animals **without fees**, regardless of whether that location would otherwise permit pets.

4. Charging the fee to customers with disabilities requiring the use of a service animal discriminates against those individuals by forcing them to pay a fee solely on account of their disability, in violation of the ADA.

5. Moreover, the presence of these illegal fees can, and does, serve as a deterrent to persons with disabilities from freely accessing Defendants' places of public accommodation, effectively creating a barrier to entry for individuals with disabilities that require the use of a service animal—in direct violation of the ADA.

6. Plaintiff brings this lawsuit seeking both an injunction requiring Defendants to alter their illegal policy of charging individuals for the presence of a service animal at Defendants' hotels, as well as disgorgement of the profits illegally obtained by Defendants through the illegal charges for service animals.

//

---

¹ The Hyatt Dog Policy appears to be specific to Defendants' Hyatt Place hotels, many of which are owned and operated by Defendant Select Hotels Group. *See,* Ex. A. However, based upon the investigation of counsel, it appears that a myriad of Defendants' hotels allow pets (https://www.hyatt.com/promo/pet-friendly-hotels-at-hyatt), and that as a matter of course, Defendants charge "pet fees" for each hotel, including for patrons traveling with service animals. *See, A Guide to Hyatt Hotels Pet Policy: What You Need to Know*, Romingo (available at https://romingo.com/hyatt-pet-policy) ("As with most hotels, bringing a pet to a Hyatt hotel does come with some fees and restrictions. Hyatt charges a one-time non-refundable fee of $100 per stay for up to 6 nights.").

2

## THE PARTIES

7. Plaintiff Christopher McNaughton is a resident of Florida. At all times relevant to this action, Plaintiff has suffered from Post-Traumatic Stress Disorder ("PTSD"), a qualified disability under the ADA. Specifically, Mr. McNaughton's PTSD severely limits major life activities and Mr. McNaughton relies on his service animal, Cali, for assistance with his PTSD, and to allow him to accomplish many life activities he finds impossible without Cali's assistance. Mr. McNaughton has a desire to stay at Defendants' hotels when he travels but cannot do so without Cali.

8. Defendant Hyatt Hotels Corporation is a Delaware corporation, with headquarters at 150 North Riverside Plaza in Chicago, Illinois. Hyatt Hotels Corporation and its subsidiaries and affiliates own and operate thousands of hotels around the world.

9. Defendant Select Hotels Group is a Delaware entity, that is headquartered in Chicago, Illinois. Select Hotels Group owns and operates Hyatt brand hotels in the United States, including the Hyatt Place hotel in Memphis, Tennessee.

## JURISDICTION AND VENUE

10. As this action arises in part under the Americans with Disabilities Act, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12188. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), and has jurisdiction over the claims for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

11. This Court has personal jurisdiction over Defendants because Defendants carry on a continuous and systematic part of their general business within this Commonwealth. Defendants direct their conduct at Pennsylvania, transact business in Pennsylvania, qualify as a foreign

corporation under the laws of Pennsylvania, have substantial contacts with Pennsylvania, engaged and are engaging in conduct that has a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons in Pennsylvania, and purposely availed themselves of the laws of Pennsylvania. At minimum, Defendants conduct daily business with at least one Pennsylvania company (having at least thirteen hotels in Pennsylvania[2]), a nontrivial percentage of Defendants' total business is generated in Pennsylvania, and Defendants make sales and advertise their hotels in a manner specifically targeted to reach the Pennsylvania market.

12. As noted above, Defendants' "carrying on of a continuous and systematic part of its general business within this Commonwealth" renders it subject to general jurisdiction in Pennsylvania under the Commonwealth's long-arm statute. 42 Pa. Cons. Stat. Ann. § 5301(a)(2)(iii). Further, because, *inter alia*, Defendant Hyatt Corporation is "incorporate[d] under or qualifi[ed] as a foreign corporation under the laws of this Commonwealth" (PA Secretary of State File Number 639197), it is subject to the Commonwealth's long-arm statute. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

### I. Defendants' Hotels Are Places of "Public Accommodation" Under the ADA

13. Defendants' principal business is the ownership and/or operation of hotels and resorts across the United States and abroad, with more than 1,350 hotels in 69 countries across six continents.

14. As such, each of Defendants' hotels is a place of "public accommodation," defined by the ADA as "an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually

---

[2] https://www.hyatt.com/local/pennsylvania

occupied by the proprietor of such establishment as the residence of such proprietor." 42 U.S.C. § 12181(7)(A).

15. Under the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of . . . any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). *See also* 28 C.F.R. § 36.301(a).

16. This includes failing to take steps to ensure that no individual with a disability is excluded by the absence of auxiliary aids and services. 42 U.S.C. § 12182(b)(2)(A)(iii). Additionally, "a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(c)(1).

17. Critically, "public accommodation shall not ask or require an individual with a disability to pay a surcharge, even if people accompanied by pets are required to pay fees, or to comply with other requirements generally not applicable to people without pets." 28 C.F.R. § 36.302(c)(8).

**II.    Defendants Unlawfully Charge "Pet Fees" to Individuals Who Seek Lodging With Their Service Animals, Including Plaintiff.**

18. Despite being prohibited from requiring individuals to pay surcharges for their service animals, Defendants have instituted a "pet fee," which requires guests traveling with their service animals pay, in violation of the ADA.

19. Specifically, Defendants have instituted the Hyatt Dog Policy[3] which states in relevant part that "[f]or guests staying **1-6 nights, a $75 non-refundable pet fee** will be

---

[3] *See supra* note 1.

administered. Guests staying **7-30 nights, the fees will be a $75 non-refundable pet fee plus an additional $100 cleaning fee**." Ex. A (emphasis original).

20. Despite the ADA requiring Defendants to exclude service animals from any fees associated with bringing animals or pets onto their properties, there is no exception made in the Hyatt Dog Policy for service animals. *Id*.

21. On or about February 6, 2023, Plaintiff stayed in Defendants' Hyatt Place hotel located in Memphis, Tennessee.

22. Plaintiff was traveling with his service animal, Cali. Cali is a German Shepherd, and as a service animal, is trained to help Plaintiff with his PTSD. Plaintiff is unable to accomplish virtually any of his daily activities without Cali's companionship.

23. Upon arriving at the hotel in the afternoon, Mr. McNaughton checked in at the front desk, accompanied by Cali, and informed the front desk attendants that Cali was a service animal.

24. The desk attendants did not mention that Plaintiff would be charged a fee for bringing Cali onto the property and, instead, completed the check-in process as usual.

25. Plaintiff has stayed at other hotels with Cali and, upon identifying her as a service animal, has not been charged any additional fees.

26. The following morning, Plaintiff checked out of the hotel and departed. No damage was caused by Cali during the stay.

27. Shortly after leaving the hotel, Plaintiff received an email attaching the invoice for his stay. To Plaintiff's surprise, there was a $75 pet fee on the bill.

28. Plaintiff immediately called the hotel and spoke to someone at the front desk. During the call, Plaintiff complained about the pet fee, informing the member of the hotel staff with whom he spoke that such fees were illegal under the ADA because Cali is a service animal.

6

29. The hotel staff member with whom Plaintiff spoke refused to take any action because of the hotel's policy requiring that a pet fee be applied to any animal brought into the hotel by a guest, regardless of whether the pet is a service animal.

30. As a result of Defendants' policy of illegally charging Plaintiff a fee for his service animal, Plaintiff was forced to spend $75 more for his hotel room than a person without a disability.

31. Plaintiff would like to have the option of staying at one of Defendants' hotels in the future, but will not choose to stay at a Hyatt property so long as the illegal policy of charging for service animals remains in place.

## **CLASS ALLEGATIONS**

32. Plaintiff brings this action on behalf of himself, and all others similarly situated, pursuant to Rule 23(a), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, and is a member of, and seeks to represent, a class of persons (the "Class") defined as:

> All United States residents who (1) were charged a "pet fee" by Defendants in order to accommodate their service animals at any of Defendants' hotels, or (2) have been or are dissuaded from staying at any of Defendants' hotels due to having to pay a "pet fee" to accommodate their service animals.

33. Excluded from the Class are the following individuals: officers and directors of Defendants and their parents, subsidiaries, affiliates, and any entity in which Defendants have a controlling interest; and all judges, and their staff, assigned to hear any aspect of this litigation, as well as their immediate family members.

34. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

35. This action readily satisfies the requirements set forth under Federal Rule of Civil Procedure 23:

    a.    The Class is so numerous that joinder of all members is impracticable. Upon Plaintiff's counsel's investigation, information, and belief, the members of the putative Class number in the thousands or greater.

    b.    There are questions of law or fact common to the Class. These questions include, but are not limited to, the following:

        i.    Whether Defendants' acts and practices complained of herein amount to violations of the ADA;

        ii.    Whether Defendants' policy of charging for service animals is a uniform policy;

        iii.    Whether Defendants were unjustly enriched through illegally charging for service animals at their properties;

        iv.    The appropriate measure of damages owed to Plaintiff and Class Members; and

        v.    Whether an injunction should issue.

    c.    Plaintiff's claims are typical of the claims of the Class in that Plaintiff, like all Class Members, was charged a fee by Defendants in order to accommodate his service animal, and similarly, Plaintiff is dissuaded from returning to Defendants' hotels out of concern of having to pay another unlawful "pet fee" due to Defendants' uniform policy of illegally charging persons with disabilities for the presence of their service animal.

    d.    Like all Class Members, Plaintiff suffers a substantial risk of repeated injury in the future. Because the conduct complained of herein is systemic, Plaintiff and all Class Members face substantial risk of the same injury in the future, in the event they are required to stay at one of Defendants' hotels. Defendants' conduct is common to all Class Members because Defendants employ a common, central policy that harms all Class Members. Plaintiff has suffered the harm alleged and has no interests antagonistic to any other Class Member.

    e.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class Members. Furthermore, Plaintiff

has retained competent counsel experienced in class action litigation, consumer protection litigation, and civil rights litigation. Plaintiff's counsel will fairly and adequately protect and represent the interests of the Class. FRCP 23(a)(4) and 23(g) are satisfied.

   f. In acting as above-alleged, Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and corresponding declaratory relief each appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants.

   g. Injunctive relief is necessary to prevent further unlawful and unfair conduct by Defendants. Money damages, alone, could not afford adequate and complete relief, and injunctive relief is necessary to restrain Defendants from continuing to violate the ADA.

## CLAIMS

### COUNT I
**Violation of the Americans With Disabilities Act**
**42 USC § 12101** *et seq.*

36. Plaintiff reincorporates and references the above paragraphs as if fully set forth herein.

37. Defendants' hotels are places of "public accommodation" as defined under 42 U.S.C. § 12181(7)(A).

38. Plaintiff suffers from a "disability," as defined under 42 U.S.C. § 12102 and 28 C.F.R. § 36.105.

39. Plaintiff's dog, Cali, is a "service animal," as defined under the ADA including, *inter alia*, 28 C.F.R. § 36.104.

40. The ADA prohibits discrimination on the basis of a disability in the full and equal enjoyment of goods and services of any place of public accommodation. 42 U.S.C. § 12182(a).

41. Further, "[a] public accommodation may not impose a surcharge on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures, such as the provision of auxiliary aids, barrier removal, alternatives to barrier removal, and reasonable modifications in policies, practices, or procedures, that are required to provide that individual or group with the nondiscriminatory treatment required by the Act or this part." 28 C.F.R. § 36.301(c).

42. Defendants' "pet fees" for disabled patrons traveling with service animals violates the ADA's prohibitions, detailed above, on discriminatory surcharges.

43. Pursuant to the ADA, 42 U.S.C. § 12188, *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

44. Pursuant to 42 § 12188(a)(2), "[i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

45. Pursuant to 42 § 12188, this Court is vested with the authority to grant Plaintiff's request for injunctive relief, including an order requiring Defendants to assure that its hotels— places of public accommodation— provide full and equal enjoyment of its services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to people with disabilities; as well as to make modifications in policies, practices, or procedures when the modifications are necessary to afford services, facilities, privileges, advantages, or accommodations to people with disabilities.

46. Plaintiff, individually and on behalf of the Class, is entitled to injunctive and declaratory relief, as well as attorney's fees.

## COUNT II
### Unjust Enrichment

47. Plaintiff reincorporates and references the above paragraphs as if fully set forth herein.

48. Defendants should have not instituted and charged their ADA-violative "pet fees" for disabled patrons traveling with service animals, as detailed herein.

49. As a result of Defendants' charging of ADA-violative "pet fees," Defendants received a benefit, which it is unjust for Defendants to retain.

50. Under the circumstances, it is against equity and good conscience to permit Defendants to retain the ill-gotten benefits that it received and wrongfully retained from the conduct complained of herein.

51. As a direct and proximate result of Defendants' actions, Defendants have been unjustly enriched. Plaintiff and Class Members have a right to restitution in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Class and general public, respectfully requests that the Court enter judgment against Defendant, and accordingly, request the following:

   a. A declaratory judgment that Defendant is in violation of the ADA in that Defendants have a policy of charging for service animals;

   b. A permanent injunction directing Defendant to comply with the ADA and alter its policies to ensure that, going forward, all of Defendants' places of

    public accommodation comply with the ADA by not charging for the presence of service animals;

c. An Order certifying the Class proposed by Plaintiff, naming Plaintiff as a class representative and Plaintiff's counsel as Class Counsel;

d. That Plaintiff and Class Members be awarded actual, nominal, and/or punitive damages, in an amount to be determined at trial;

e. Reasonable attorney's fees and litigation costs pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.305; and

f. All other such other relief as may be appropriate.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

Dated: June 5, 2024

       /s/ Edwin J. Kilpela, Jr.
Edwin J. Kilpela, Jr., Esq.
PA I.D. 201595
Paige T. Noah, Esq.
PA I.D. 327552
WADE KILPELA SLADE LLP
6425 Living Pl., Suite 200
Pittsburgh, PA 15206
Phone: (412) 314-0515
ek@waykayslay.com
pnoah@waykayslay.com